UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| DAVID R. FROHWERK, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-578 JVB |
| | ) | |
| DIANA M BRINKLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

David Frohwerk, a prisoner confined in the St. Joseph County Jail, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court is required to *sua sponte* dismiss a complaint at any time after it is filed if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss, the plaintiff's complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964–65 (2007). Instead, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. However, in a pro se complaint "[s]pecific facts are not necessary" to meet the requirements of Rule 8(a). *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). A "document filed *pro se* is 'to be liberally construed,'. . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (citation omitted). Nevertheless, "at some point the factual detail in a complaint may be so sketchy that the

complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video*, *Inc*. *v. AT & T Mobility*, *LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

Frohwerk brings this action under 42 U.S.C. § 1983, which provides for a cause of action to redress the violation of federally secured rights by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or the laws of the United States.

Frohwerk names Diana Brinkley as the sole defendant. He alleges that she was:

> [A]cting as representative payee for David R. Frohwerk . . . between August of 2000 and the present date (11-25-08) in the State of Indiana [and] did misappropriate, misuse, steal, or otherwise deprive the plaintiff of the use and value of funds and/or assets entrusted [to] her by the Department of the Treasury for the plaintiff. Plaintiff is entitled [to] said funds by the Social Security Administration.

(Complaint at 3). Frohwerk also alleges that Brinkley defamed him, falsified information provided to law enforcement agencies, and "violated his right to privacy and free will by subjecting him unwittingly to psych-social manipulative techniques including but not limited to hypnosis and brainwashing in order to exert control over him in the interest of financial gains or other such reasons unknown." (*Id*. at 4A).

To state a claim under § 1983, it is essential that the person who committed the alleged wrongful conduct was "acting under color of state law." If the person did not act "under color of state law," the action must be dismissed. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982). The

2

phrase acting "under color of state law" is defined as "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Evans v. United States*, 504 U.S. 255, 275 (1992) (citations omitted).

According to the complaint, Brinkley is not a state or municipal employee; rather, she is a private citizen. The Supreme Court has articulated three tests to determine whether a private party acted under color of state law: the public function test, the state compulsion test, and the joint action test. The public function test requires that the private party exercised powers which are traditionally exclusively reserved to the state. *West*, 487 U.S. at 49–50. The state compulsion test requires that the state exercised such coercive power over the private party, or provided such significant encouragement to the private party, that in law the choice of the private actor is deemed to be that of the state. *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982). Finally, the joint action test requires that the private party is a willful participant in joint action with the state or its agent. *Dennis v. Spark*, 449 U.S. 24 (1980). The facts presented in this complaint establish that Brinkley was not a state actor under any of these tests. Because she did not act under color of state law, Frohwerk may not bring a § 1983 claim against her.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

SO ORDERED on February 10, 2009.

s /Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE  
HAMMOND DIVISION